IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Samuel Gossett,<br><br>PLAINTIFF<br><br>v.<br><br>Cpl. Davis; Warden Terri Wallace,<br><br>DEFENDANTS | Case No. 4:20-cv-03136-TLW<br><br>**Order** |

Plaintiff Samuel Gossett, a South Carolina Department of Corrections (SCDC) inmate proceeding *pro se*, filed this civil action alleging multiple constitutional violations by Defendants Cpl. Davis and Warden Terri Wallace under the Eighth Amendment to the United States Constitution. Plaintiff generally alleges that Davis failed to protect him from being robbed by other inmates, resulting in him being "stabbed multiple times." As to Wallace, Plaintiff alleges that she and Davis demonstrated a "deliberate indifference to or tacit authorization of offensive practices after being informed of the violation through reports or appeal, having failed to remedy the wrong." ECF No. 1 at 7. The Court notes that the magistrate judge to whom this case was assigned has issued two separate Reports and Recommendation in reference to each Defendant, Cpl. Davis and Warden Wallace, respectively. ECF Nos. 34, 63. Both matters are ripe for review.

The Court will address the first Report, ECF No. 34, issued by the magistrate judge recommending that Plaintiff's claims against Davis be dismissed without prejudice for failure to prosecute pursuant to Rule 41(b). ECF No. 34. As the

1

magistrate judge outlines, a serve order was entered on September 30, 2020. ECF No. 12. The Report states the "summons was unexecuted as to Defendant Davis." ECF No 34 at 1. The Report further states the Marshal's Form USM-285 "indicated Defendant Davis could not be served because SCDC OGC cannot accept – several defendants with this last name." *Id.* The Plaintiff states that "Davis was a C-card Rec Officer in the BMU program stationed in D-Dorm of Kirkland." *Id.* A second attempt to serve was ordered by the magistrate judge on January 12, 2021. ECF No. 28. The summons was again returned unexecuted, stating, "SCDC OGC cannot accept – could not find this defendant." ECF No. 32. The magistrate judge then "recommends Defendant Davis be dismissed as a party pursuant to Fed. R. Civ. Proc. 41(b) . . . without prejudice" as Plaintiff through his neglect, did not sufficiently identify Davis for the purpose of service of process. ECF No. 34. at 2. The magistrate judge recommends Plaintiff's claims against Defendant Davis be dismissed without prejudice for failure to prosecute pursuant to Fed. R. Civ. Proc. 41(b).

Plaintiff filed an objection to the recommendation to dismiss Davis. ECF No. 42. He states that the process related to service effectively "free[s] a imployee [sic] from a legal matter" and that he provided "specific information as to identity [sic] and then contact Cpl. Davis," noting Davis "was a C-Card Rec Officer in the B.M.U. program stationed in D-Dorm at Kirkland on February 19, 2020." ECF No. 42 at 2. He further states, "SCDC prevents me from knowing Cpl. Davis first name [sic]." *Id.* Plaintiff's motion for discovery "request[s] Cpl. Davis full name." *See* ECF No. 66 at 1.

2

Based on the record before this Court, as to Davis, the U.S. Marshal's Service is to attempt to serve Davis for a third time. The Plaintiff did provide much information about Defendant Davis—specifically the institution where he worked, the location where he worked in the institution, and that he was employed there February 19, 2020, the day of the alleged serious incident outlined in the complaint. The reasons stated by SCDC as to why Davis was not served are limited and provide no detail as to why Davis could not be served. If the Marshal's Service is unable to serve Davis, SCDC is to provide a detailed explanation as to why Davis cannot be served to the magistrate judge. The magistrate judge can then consider the explanation as to why Davis cannot be served in light of what has been outlined here. The magistrate judge can then file a supplemental Report regarding whether he recommends the claims against Davis should still be dismissed for the reasons stated in the original Report.

As to Wallace, she filed a motion for summary judgment on October 21, 2021, along with a memorandum and exhibits in support, ECF No. 57, alleging Plaintiff failed to exhaust his administrative remedies for the matters alleged in the complaint. In the second Report, the magistrate judge notes the "complaint does not contain any specific acts or omissions" by Wallace and discusses in detail her affirmative defense of exhaustion, citing an affidavit submitted by Felicia McKie, the Inmate Grievance Administrator for SCDC. ECF No. 63 at 5. The magistrate judge further states Plaintiff did not respond to the motion for summary judgment and "concludes Plaintiff has abandoned this lawsuit against Defendant Terri Wallace."

3

ECF No. 63 at 3. Thus, the magistrate judge recommends "that Defendant Wallace's motion for summary judgment be granted for failure to exhaust and this action be dismissed . . . pursuant to Fed. R. Civ. Proc. 41(b) with prejudice." *Id*. at 9.

Plaintiff did not file a specific objection to the second Report which recommends dismissal of Wallace for the reasons stated by the magistrate judge. In his motion for discovery, Plaintiff states he has "exhausted [his] administrative remedies." ECF No. 66. Notably, Plaintiff, provided no evidence or documentation that he exhausted his administrative remedy beyond stating he did, and he made no specific allegation against Wallace in the complaint.

For the reasons stated, and based on the record outlined, this Court accepts the magistrate judge's recommendation in part. The Court accepts the recommendation that Defendant Wallace be dismissed for the reasons stated.

In reviewing the Reports, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Hous. Auth. of City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

4

In light of the standard set forth in *Wallace*, the Court has reviewed, *de novo*, the Reports and the objections. In summary, after careful review of the Report and the objections in reference to Wallace, and for the reasons stated by the magistrate judge, the Report, ECF Nos. 63 is **ACCEPTED** in part, as to Wallace. Plaintiff's claim against Defendant Wallace is dismissed without prejudice for failure to prosecute pursuant to Fed. R. Civ. Proc. 41(b) and for failure to exhaust.[1]

The District Court declines to accept the Report in reference to Davis, ECF No. 34, for the reasons stated. Again, the Marshal's service is directed to attempt to serve Davis for a third time. If the summons and complaint are again returned unserved, the magistrate judge shall consider SCDC's detailed explanation as to why no service was made on Davis. The magistrate judge can file a supplemental Report and Recommendation regarding whether or not the claims against Defendant Davis should still be dismissed for the reasons stated in the original Report.

*s/ Terry L. Wooten*
Terry L. Wooten
Senior United States District Judge

June 3, 2022
Columbia, South Carolina

---

[1] The District Court concludes that the dismissal against Wallace should be without prejudice at this stage as the primary basis for dismissal focuses on exhaustion.