IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Samuel Gossett, | Case No. 4:20-cv-03136-TLW |
| PLAINTIFF | |
| v. | **ORDER** |
| Cpl. Davis, | |
| DEFENDANT | |

Plaintiff Samuel Gossett, a South Carolina Department of Corrections (SCDC) inmate proceeding *pro se*, filed this civil action alleging multiple constitutional violations by Defendants Cpl. Davis and Warden Terri Wallace under the Eighth Amendment to the United States Constitution. ECF No. 1. Wallace previously moved for summary judgment based on Plaintiff's failure to exhaust his administrative remedies. ECF No. 57. United States Magistrate Judge Thomas E. Rogers, III, to whom this case was assigned pursuant to 28 U.S.C. § 636(b)(1)(B), issued a Report and Recommendation recommending granting Wallace's motion. ECF No. 63. This Court accepted the recommendation and granted Wallace's motion. ECF No. 73. Now, Davis has moved for summary judgment based on the doctrine of collateral estoppel, arguing that the Court's prior ruling that Plaintiff failed to exhaust his administrative remedies bars his remaining claims against Davis. ECF No. 114–1 at 3. Plaintiff opposes Davis' motion for summary judgment. ECF No. 119. After reviewing the filings, the magistrate judge issued a Report and Recommendation (the "Report") recommending granting Davis' motion for summary judgment. ECF No. 121. Plaintiff has not objected to the Report, and the deadline

1

for doing expired on May 26, 2023. ECF No. 123. Accordingly, this matter is ripe for review, adjudication, and disposition.

## BACKGROUND

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. ECF No. 1. In his complaint, he generally alleges that Davis failed to protect him from being robbed by other inmates, resulting in him being "stabbed multiple times." *Id.* As to Wallace, Plaintiff alleges that she and Davis demonstrated a "deliberate indifference to or tacit authorization of offensive practices after being informed of the violation through reports or appeal, having failed to remedy the wrong." *Id.* at 7.

Previously, the magistrate judge issued a Report and Recommendation recommending that Plaintiff's claims against Davis be dismissed without prejudice for failure to prosecute pursuant to Rule 41(b). ECF No. 34. Plaintiff filed an objection to the recommendation to dismiss Davis. ECF No. 42. There, he complained of the difficult in identifying Davis and serving him with process. *Id.* In his objections he stated that the process related to service effectively "free[s] a imployee [sic] from a legal matter" and that he provided "specific information as to identity [sic] and then contact Cpl. Davis." *Id.* at 2. He noted Davis "was a C-Card Rec Officer in the B.M.U. program stationed in D-Dorm at Kirkland on February 19, 2020," and asserted that "SCDC prevents me from knowing Cpl. Davis first name [sic]." *Id.* Based on these assertions, the Court directed the U.S. Marshal's Service is to attempt to serve Davis again based on the identifying information, *i.e.*, the institution where Davis worked, the location where he worked in the institution,

2

and that he was employed there February 19, 2020, the day of the alleged serious incident outlined in the complaint. ECF No. 73.

As noted above, the magistrate judge also previously issued a Report and Recommendation recommending that Wallace's motion for summary judgment be granted, which this Court accepted. ECF Nos. 63 & 73. The magistrate judge's recommendation was based on Plaintiff's failure to exhaust his administrative remedies against Wallace. ECF No. 63 at 5. The Court accepted this recommendation, noting that "Plaintiff provided no evidence or documentation that he exhausted his administrative remedy beyond stating he did [.]" ECF No. 73 at 4.

The matter was recommitted to the magistrate judge, who issued an order authorizing service of process on Davis, which was returned unexecuted. ECF Nos. 78 & 83. The magistrate judge again authorized service on Davis, the summons was reissued, and successfully served on Davis. ECF Nos. 88, 90 & 94. Davis appeared in this action, answered the complaint, and subsequently moved for summary judgment. ECF Nos. 95 & 114.

In his motion for summary judgment, Davis asserts that he is entitled to judgment as a matter of law based on the doctrine of collateral estoppel with regard to the Court's ruling that Plaintiff failed to exhaust his administrative remedies. ECF No. 114 at 2. Specifically, he assets that, like Wallace, he too is entitled to summary judgment based on Plaintiff's failure to exhaust his administrative remedies and that Plaintiff is barred by the doctrine of collateral estoppel from contesting this issue because "the issue of exhaustion has been ruled on by the

3

Court and the Plaintiff is precluded from relitigating that issue now." *Id.* at 3. In response, and for the first time, Plaintiff argues that his failure to exhaust his administrative remedies should be excused because of the COVID-19 mandate from the Governor of South Carolina. ECF No. 119. Davis contests this argument in reply, asserting that Plaintiff did not raise this argument when Wallace filed her motion for summary judgment based on failure to exhaust, did not object to the prior Report and Recommendation's recommendation to grant Wallace's motion, and did not appeal this Court's order accepting the recommendation. ECF No. 120. Hence, Davis posits that the Court's ruling that Plaintiff failed to exhaust his administrative remedies is the law of the case, and Plaintiff is barred from relitigating this identical issue now. *Id.*

## THE REPORT

In the Report, the magistrate judge recommends granting Davis' motion for summary judgment on two independent, alternative grounds. ECF No. 121. First, the Report, notes that this Court previously granted Wallace's motion for summary judgment because of Plaintiff's failure to exhaust his administrative remedies. *Id.* at 8. Here, the magistrate judge further notes that "Plaintiff's claims against Defendants Wallace and Davis arise out of the same underlying incident date February 19, 2020. Therefore, the issue of exhaustion as to the alleged incident of February 2020 has been ruled on by the court and Plaintiff is precluded from relitigating the same issue and claim against Defendant Davis." *Id.* at 8–9.

4

Therefore, the magistrate judge recommends granting Davis' motion for summary judgment.

Alternatively, the magistrate judge concludes that, even "if collateral estoppel did not apply, the case should be dismissed for failure to exhaust administrative remedies." *Id.* at 9. In reviewing Plaintiff's new argument that the Governor's COVID-19 order prevented him from exhausting his administrative remedies, the magistrate judge concludes that Plaintiff has failed to exhaust his administrative remedies because he made no attempt to complete the South Carolina Department of Correction's two step grievance process. *Id.* at 10–11. The Report concludes that, under the Prison Litigation Reform Act, administrative exhaustion is a mandatory prerequisite for filing a § 1983 action and that "[e]xhaustion is required even though Plaintiff claimed futility." *Id.* at 10–11 (citations omitted). Further, the magistrate judge notes that "Plaintiff has not offered any evidence that administrative remedies were not available to him during the time in question." *Id.* at 12. Accordingly, and in the alternative, the Report recommends granting Davis' motion for failure to exhaust. *Id.* at 12.

## ANALYSIS

Plaintiff has not filed objections to the Report. The deadline for doing so has now expired. In reviewing the Report, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection

5

is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Hous. Auth. of City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of the standard set forth in *Wallace*, the Court is not obligated to review the Report *de novo* because Plaintiff has not filed objections. That said, the Court has carefully reviewed the motions for summary judgment, Plaintiff's response, and the Report. In doing so, it concludes that Davis' motion for summary judgment should be granted for the reasons stated by the magistrate judge.

The record is clear that Plaintiff filed a step one grievance on February 25, 2020. ECF No. 57–6. He received the Warden's response on March 30, 2020 and was advised of his ability to appeal via a step two grievance. *Id.* The record reflects that he did not file a step two grievance.

Furthermore, Plaintiff does not allege that attempted to file a step two grievance. Instead, he conclusory asserts that his failure to file a step two grievance is excused because:

> On March 13, 2020, the Governor of South Carolina declared a state of emergency in S.C. pursuant to executive order 2020-08. This Action was taken in response to the COVID-19 pandemic. After that date [,] the governor issues several executive order [sic] which closed businesses and activities throughout the state. So, I filed the 1983 civil suit.

6

ECF No. 119 at 1. Plaintiff asserts that the state of emergency ended on May 3, 2020. *Id.* Despite noting the State's response to the pandemic, Plaintiff has not provided any evidence that he could not exhaust his administrative remedies because the State was *not* accepting or handling grievances. Moreover, as noted in the Report, any argument that the state was not handling grievances is clearly contradicted by the facts of this case. Plaintiff's grievance was filed on February 25, 2020, before the asserted state of emergency period. Yet, it was accepted, process, and handled *during* the emergency period as evidenced by the fact that the Warden's response to Plaintiff's step one grievance was issued on March 30, 2020 (seventeen days after the Governor's executive order). Plaintiff acknowledged receipt of the grievance the next day, on March 31, 2020. Again, Plaintiff does not assert that he attempted to file a step two grievance and asserts he decided to file this § 1983 action instead because of the closure of "businesses and activities throughout the state." *Id.* at 1. Yet, Plaintiff waited to file this suit until August 26, 2020—over three months after he alleges the state of emergency ended on May 3, 2020.

Plaintiff's allegations are serious, however, the SCDC provides an effective two-step administrative avenue for Plaintiff to seek administrative relief before he can seek relief in this Court. As found in the Report, the record reflects that (1) Plaintiff did not file a step two grievance after the Warden responded to his step one grievance, (2) Plaintiff does not allege that he attempted to file a step two grievance, and (3) Plaintiff has not provided any evidence that his administrative remedies

7

were unavailable to him—specifically, he has provided no evidence that he attempted to exhaust his administrative remedies during the asserted COVID-19 emergency period and that his grievance was not accepted or that grievances were not being accepted or handled by SCDC during this period. Finally, Plaintiff has not objected to the Report's findings and conclusions despite having three months to do so. Therefore, the Report, ECF Nos. 121 is **ACCEPTED**, and Davis' motion for summary judgment, ECF No. 114, is **GRANTED**.

**IT IS SO ORDERED.**

*s/ Terry L. Wooten*
Terry L. Wooten
Senior United States District Judge

August 25, 2023
Columbia, South Carolina

8